UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| RANDALL LEWIS,<br>  Plaintiff,<br><br>V.<br><br>GERALD JONES, et al.,<br>  Defendants. | NO. 6:17-CV-38-KKC-HAI-1<br><br>**ORDER AND OPINION** |

*** *** ***

This matter is before the Court on Plaintiff Randall Lewis' motion for leave to amend his complaint. [DE 22.] Magistrate Judge Hanly A. Ingram issued a Report and Recommendation [DE 33] to which objections were filed by Defendant Laurel Ridge Landfill, LLC. [DE 35.] For the following reasons, the Court will ADOPT IN PART and REJECT IN PART the recommended disposition.

**BACKGROUND**

A detailed background of this case is contained in the Magistrate's Report and Recommendation ("R&R"). [DE 33.] Here, the Court recounts only the facts necessary to determine the pending motion.

This dispute concerns the sale of certain property in Laurel County, Kentucky. Plaintiff Randall Lewis alleges that he and Defendant, Gerald Jones, entered into multiple real estate purchase agreements for the sale of property within the county. [DE 1-2, at 2.] Rather than conveying the property to Lewis, however, Defendant Jones sold it to Laurel Ridge Landfill, LLC. [DE 1-2, at 2.] Claiming that he and Jones executed valid real estate contracts, Lewis filed an action in Laurel Circuit Court in June of 2016. This original

1

complaint set forth a series of claims against Jones which included: (1) breach of contract; (2) specific performance; (3) unjust enrichment; (4) negligent misrepresentation; and (5) fraud.

The Laurel Circuit Court later granted Lewis leave to amend his complaint. Pursuant to the Laurel Circuit Court's order, Lewis was permitted to add Laurel Ridge, Waste Connections, US, Inc. ("WCUS"), and Waste Connections of Kentucky, Inc. ("WCKY") as Defendants to the action. Specifically, Lewis' first amended complaint asserted claims of unjust enrichment and tortious contractual interference against Laurel Ridge, WCUS, and WCKY under Kentucky law. [DE 1-2.]

Lewis' cause of action was removed to this Court on February 16, 2017. [DE 1.] That same day, Defendants WCUS and WCKY jointly moved to dismiss all claims asserted against them pursuant to Rule 12(b)(6). [DE 5.] Lewis did not object to the motion on the condition that the dismissal be "without prejudice to any claim that might later be revealed in discovery and asserted by way of future amendment. [DE 8.] On June 28, 2017, the Court dismissed the claims against WCUS and WCKY without prejudice. [DE 9.]

Following several months of discovery, Lewis now requests leave to amend his complaint for the second time. In his proposed second amended complaint, Lewis seeks to: (1) add his wife, Tonya Lewis, as a plaintiff; (2) add claims of tortious interference and unjust enrichment against WCUS and WCKY; and (3) add the specific factual allegations needed to support these additional claims. [DE 22.]

Lewis' proposed second amended complaint incorporates the original complaint in its entirety and adds a sequence of allegations. First, Lewis claims that he and Jones agreed that Lewis' wife, Tonya Lewis, would be the grantee of the anticipated deed related to the real estate purchase agreements. Next, the proposed amended complaint asserts that the Lewis and his wife jointly secured a loan to finance the purchase of the Laurel County property and expended funds for "various expenses" related to the property. [DE 22-2.]

The proposed amended complaint also details the alleged involvement of Laurel Ridge, WCUS, and WCKY in the real estate transaction at issue. Although the parameters of the corporate structure remain somewhat unclear, Lewis claims that Laurel Ridge is managed by WCUS and that both are affiliated with WCKY. [DE 22-2.]

Lewis states that employees working for either WCUS or WCKY (or both) were directly involved in the real estate transaction involving Jones and Laurel Ridge. Lewis specifically points to a series of emails between Jones and WCUS/WCKY employees indicating that the corporate entities were well aware of Jones' intent to sell the property to Lewis. For instance, in March of 2016, Jones emailed Nelson Breeden, an employee of WCUS/WCKY notifying him that Lewis was interested in buying the Laurel County property. [DE 22-2, at 4.] Breeden then, according to Lewis, relayed the information to other WCUS/WCKY employees. Moreover, in April of 2016, Jones allegedly emailed employees of WCUS and WCKY that an agreement had been reached between Lewis and himself to transfer the property. [DE 22-2, at 4.]

Lewis also maintains that in May of 2016, he notified Breeden directly that he and Jones had reached an agreement for the purchase of the Laurel County property. And on the next day, Jones purportedly promised Breeden, via email, that he would obtain a written release from the agreement with Lewis. [DE 22-2, at 5.] Lewis notes that such a written release was never obtained from him and that on May 31, 2016, Jones went ahead and sold the property at issue to Laurel Ridge. [DE 22-2, at 5.]

Following Lewis' motion for leave to file his second amended complaint, Defendant Laurel Ridge filed a response in opposition and Lewis' reply ensued. [DE 28; 30.] After an evaluation of the pending motions, Magistrate Judge Hanly Ingram issued a recommended disposition on July 16, 2018. [DE 33.] The Magistrate recommended that the Court: (1) grant Lewis' motion to the extent it seeks to include his wife, Tonya Lewis, as a plaintiff; (2) deny

Lewis' motion as to the claim of tortious interference against WCUS and WCKY; and (3) grant Lewis' motion insofar as it seeks to add a claim of unjust enrichment against WCUS and WCKY.

Defendant Laurel Ridge filed its objections to the Magistrate's recommended disposition on July 30, 2018. [DE 35.] Laurel Ridge specifically challenges the Magistrate's recommendation that Lewis be permitted to present a claim of unjust enrichment against WCUS and WCKY.

## ANALYSIS

In his Report and Recommendation ("R&R"), the Magistrate made three determinations. First, he concluded that Lewis should be granted leave to add his wife as a plaintiff because she has a direct interest in the action as the alleged, rightful grantee of the deed and an inchoate interest as the wife of Lewis. Second, the Magistrate recommended that Lewis be precluded from bringing a tortious interference claim against WCUS and WCKY since the proposed amended complaint fails to state a plausible claim. Third, the Magistrate suggested that Lewis ought to be able to present an unjust enrichment claim against WCUS and WCKY based on a constructive trust theory. For reasons discussed below, this Court ADOPTS IN PART and REJECTS IN PART the Magistrate's R&R.

I. **The Standard of Review**

This Court performs a de novo review of those portions of the Magistrate Judge's report and recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Regarding Lewis' pending motion, Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." Though the court

4

has significant discretion in granting such a motion, it may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the instant case, Defendant Laurel Ridge argues that futility precludes amendment. A proposed amendment is futile if the amendment could not endure a Rule 12(b)(6) motion to dismiss. *In re B & P Baird Holdings*, Inc., 591 F. App'x 434, 438 (6th Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Drain v. Nicholson*, No. 1:07-CV-690, 2008 WL 123881, at *1 (S.D. Ohio Jan. 10, 2008). However, the Court "need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged." *O'Hair v. Winchester Police Dep't*, No. CIV.A. 5:15-097-DCR, 2015 WL 4507181, at *2 (E.D. Ky. July 23, 2015).

## II. The Addition of Tonya Lewis as a Plaintiff

The Magistrate recommends that Lewis be allowed to add his wife, Tonya, as a plaintiff. Defendant Laurel Ridge does not object to this portion of the Magistrate's R&R. For the reasons stated below, the Court will permit Lewis to add his wife as a plaintiff to the complaint.

5

As noted by the Magistrate, had the Laurel County property been sold to Plaintiff, Tonya Lewis would have been listed as the grantee on the deed. As such, she has a direct interest in the litigation. In the alternative, as the wife of the Plaintiff, Tonya Lewis has an inchoate interest in the Laurel County property pursuant to Kentucky law. Specifically, KRS § 392.020 creates a dower interest in property acquired during marriage.

### III. Tortious Interference with a Business Expectancy Claim Against WCUS and WCKY

The Court accepts the Magistrate's finding that Lewis has failed to sufficiently plead the elements of a tortious interference with a business expectancy claim as to nonparties WCUS and WCKY. Under Kentucky law, in order to maintain a claim of tortious interference, a plaintiff must show: (1) the existence of a valid business relationship or expectancy; (2) the defendant's knowledge or awareness of this relationship or expectancy; (3) the defendant's intentional interference with the relationship or expectancy; (4) an improper motive behind the interference; (5) causation; and (6) special damages. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 306 (6th Cir. 2011).

A claim of tortious contractual interference often hinges upon the improper motive element. To satisfy the element, the plaintiff must show that the defendant engaged in malice or some other significantly wrongful conduct. *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 F. App'x 953, 967 (6th Cir. 2007); *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1083 (W.D. Ky. 1995) (citing *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 425 (Ky. Ct. App. 1978)). But, even in instances where improper interference has occurred, the interfering actor "may escape liability by showing that he acted in good faith to assert a legally protected interest of his own," *NCAA v. Hornung*, 754 S.W.2d 855, 858 (Ky. 1988).

Here, Lewis' proposed amended complaint asserts that WCUS and WCKY's motivation in interfering with the real estate contract was "improper, willful, and malicious." [DE 22-2, at 11.] In support, Lewis suggests that the reason WCUS/WCKY meddled in the transaction was to prevent Jones from conveying the property to Lewis, who "desperately" did not want a landfill near his land. The Magistrate deemed the allegation threadbare and determined that it was insufficient to satisfy the improper motive element. He specifically observed that the proposed second amended complaint "merely describes the purported motivation of [Lewis]" and "does not state an improper motive on the part of WCUS or WCKY." [DE 33, at 11.]

It is not this Court's job to conjure up theories of improper motive on behalf of Lewis. *See Steen v. Cent. Quality*, 993 F.2d 14 (6th Cir. 1993). There is nothing in the record here that would allow the Court to find "malice or some significantly wrong conduct" on behalf of WCUS/WCKY. And, as noted by other courts within the Sixth Circuit, impropriety should not be conflated with "aggressive, competitive business practices." *Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, No. CIV.A. 3:07CV00238-H, 2007 WL 4547389, at *4 (W.D. Ky. Dec. 19, 2007) (citing *AMC of Louisville, Inc. v. Cincinnati Milacron Inc.*, 2000 WL 33975582, *7 (W.D.Ky. Jan.25, 2000)). As such, the Court adopts the well-reasoned findings of the Magistrate.

**Unjust Enrichment Claim Against WCUS and WCKY**

Relying on a constructive trust theory, the Magistrate recommended that the Court permit Lewis to add a claim of unjust enrichment against WCUS and WCKY. Though the Magistrate's opinion was thoughtful and well-reasoned, the Court now rejects it.

The Magistrate concluded that "the equitable remedial nature of a constructive trust creates . . . some latitude at the pleading stage." [DE 33, at 13.] This may be true. However,

7

for a constructive trust to be imposed on property in Kentucky, there are multiple requirements, two of which are important here. First, pursuant to Kentucky law, a constructive trust may only be imposed on the individual/entity holding legal title to the property in question. Second, there must be a confidential relationship that exists between the party seeking the imposition of a trust and the party upon whom the trust is being imposed. The Court finds that Lewis has failed to satisfy both of these requirements.

As to the first requirement, Lewis concedes that WCUS and WCKY do not hold legal title to the property in dispute. [DE 30, at 7.] Lewis instead argues that a constructive trust is warranted since WCUS and WCKY are "necessary parties" to the claim and "it was their employees who committed the fraud that led to the unjust enrichment of Laurel Ridge and Jones." [De 30, at 7.] Lewis does not cite any caselaw for this proposition. Moreover, after a thorough review, the Court does not find any basis in Kentucky law for attributing legal title to a corporate affiliate for purpose of a constructive trust. As such, the legal title requirement has not been met.

Second, Kentucky courts have required the party seeking the imposition of a constructive trust to establish a "confidential relationship" with the party upon whom the trust is to be imposed. *Keeney v. Keeney*, 223 S.W.3d 843, 849 (Ky. Ct. App. 2007) ("It is true, despite cases to the contrary such as Scott, supra, that Kentucky courts have required the party seeking the imposition of a trust to establish a 'confidential relationship' with the party upon whom the trust is to be imposed."); *see* Kerns v. Beam, No. 3:15-CV-212-DJH-DW, 2018 WL 2449206, at *6 (W.D. Ky. May 31, 2018). Where it is deemed necessary, however, "[t]he existence of the relationship in any particular case is to be determined by the facts established. *Keeney*, 223 S.W.3d at 849.

Kentucky courts construe "confidential relationships" liberally. *Kerns*, 2018 WL 2449206, at *6. Irrespective of this forgiving standard, Lewis has failed to show that a

8

confidential relationship existed between himself and WCUS/WCKY at the time of the real estate transaction. Although a confidential relationship may have existed between Lewis and Defendant Jones, it would be a stretch to impute this relationship to either ECUS or WCKY, who were multiple steps removed from the alleged real estate agreement. In fact, Lewis claims that he was not aware of the alleged involvement of WCUS and WCKY until after the discovery period had commenced. As such, a confidential relationship would not likely have existed between Lewis and WCUS/WCKY at the time of the alleged transaction. *Keeney v. Keeney*, 223 S.W.3d 843, 849–50 (Ky. Ct. App. 2007) (citing *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 423 (Ky. App. 1978).

Having found that a constructive trust does not provide a basis for Lewis' unjust enrichment claim against WCUS and WCKY, the Court must undergo a traditional analysis of the cause of action. Per Kentucky law, in order to sustain a claim of an unjust enrichment, the plaintiff must show: (1) a conferral of a benefit upon the defendant at plaintiff's expense; (2) a resulting appreciation of the benefit by defendant; and (3) inequitable retention of benefit without payment for its value. *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky.Ct.App. 2009).

As to the first element, Defendant Laurel Ridge argues that the proposed amended complaint fails to allege that Lewis conferred a benefit on either WCUS or WCKY. [DE 35, at 5.] The Court is persuaded by this argument.

In evaluating the alleged conferral of a benefit, this Court must decide whether to accept both direct *and* indirect displays. The Court finds little guidance on the issue. On one hand, the Kentucky appellate courts have "hardly touched upon the [first element] of an unjust enrichment claim. *Noble Royalties Access Fund V LP v. Elk Horn Coal Co., LLC*, No. 2013-CA-001953-MR, 2015 WL 7352587, at *4 (Ky. Ct. App. Nov. 20, 2015). The Sixth Circuit, on the other hand, has remained silent and district courts within its purview have come out differently on the issue. *SAAP Energy v. Bell*, No. 1:12-CV-00098, 2013 WL 4588828, at *2

(W.D. Ky. Aug. 28, 2013) ("[T]o meet the first element of a claim for unjust enrichment, a plaintiff must allege that he directly conferred a benefit on the defendant."); *2815 Grand Realty Corp. v. Goose Creek Energy, Inc.*, No. 7:08-CV-186, 2010 WL 4313582, at *4 (E.D. Ky. Oct. 26, 2010) (requiring a direct conferral of a benefit). *But see Seye v. Cmty. Yellow Cab*, No. 10–234–WOB–CJS, 2013 WL 1332430, at *12–13 (E.D. Ky. Feb.13, 2013) (finding that a plaintiff did not need to directly confer a benefit on a defendant to state a claim for unjust enrichment).

In balancing the guidance of precedents, the Court finds that requiring the plaintiff to show a direct conferral of a benefit is the better approach. To sustain his unjust enrichment claim, therefore, Lewis must show that he conferred a benefit *directly* upon WCUS and WCKY. *See Commonwealth of Kentucky v. Marathon Petroleum Co.*, LP, 191 F. Supp. 3d 694, 706 (W.D. Ky. 2016). In his second proposed amended complaint, Lewis asserts that he and his wife expended funds in relation to the Laurel County property. Even though he does not specify these alleged expenses, Lewis argues that because of the cash outlays, he "caused improvements to be made to the property." And while not explicitly clear, it appears that Lewis is claiming that WCUS and/or WCKY reaped the benefits of these expenditures when Laurel Ridge purchased the property from Jones. The Court finds Lewis' argument unpersuasive.

The alleged path of the benefit from Lewis and his wife to Jones, from Jones to Laurel Ridge, and from Laurel Ridge to either WCUS or WCKY is extremely tenuous. At best, Lewis' complaint establishes an indirect benefit conferred upon WCUS and WCKY. Such an indirect showing, however, will not suffice. As discussed above, Lewis must show that he conferred a benefit *directly* upon WCUS and WCKY. After review, the Court concludes that Lewis has failed to make this showing. In particular, the complaint fails to indicate exactly what benefit

was received by WCUS/WCKY. Moreover, the Court finds troubling the fact that neither WCUS nor WCKY owned the property in dispute.

In a last-ditch effort, Lewis claims that "it is possible that [WCUS and WCKY] did directly receive value through more lucrative contracts" because of the sale to Laurel Ridge. [DE 30, at 7.] And, Lewis argues, facts confirming these purported benefits may surface as a result of the ongoing discovery process. Lewis' argument, however, fails. At this stage of litigation, the test is not what is possible, but rather what is plausible. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court therefore finds that Lewis has failed to satisfy the first element of an unjust enrichment claim, which requires that he show a direct conferral of a benefit upon WCUS and WCKY. And because Lewis has failed to satisfy this element, he is precluded from asserting an unjust enrichment claim against WCUS and WCKY in his second amended complaint.

## **CONCLUSION**

The Court HEREBY ORDERS the following:

(1) The Magistrate's recommended disposition [DE 33] is **ADOPTED in Part** and **REJECTED in Part**.

(2) Plaintiff Lewis is **GRANTED** leave to amend his complaint to add specific factual allegations.

(3) Plaintiff Lewis is **GRANTED** leave to amend his complaint to add his wife, Tonya Lewis.

(4) Plaintiff Lewis is **DENIED** leave to amend his complaint to present a claim of tortious interference with a business expectancy against Waste Connections, US, Inc. ("WCUS") and Waste Connections of Kentucky, Inc. ("WCKY").

(5) Plaintiff Lewis is **DENIED** leave to amend his complaint to add a claim of unjust enrichment against Connections, US, Inc. ("WCUS") and Waste Connections of Kentucky, Inc. ("WCKY").

Dated October 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY